UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH G. WILKINSON and KELLY G. WILKINSON, | No. 2:24-cv-01416 TLN AC (PS) |
| Plaintiffs, | |
| v. | ORDER |
| PHH MORTGAGE CORPORATION and WESTERN PROGRESSIVE LLC, | |
| Defendants. | |

Plaintiffs are proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiffs have filed a request for leave to proceed in forma pauperis ("IFP") and have submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

**I. Screening**

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The

1

1  Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-
2  rules-practice-procedure/federal-rules-civil-procedure.

3        Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and
4  plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
5  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
6  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
7  sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.
8  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in
9  the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
10 Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
13 court will (1) accept as true all of the factual allegations contained in the complaint, unless they
14 are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
15 plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von
16 Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
17 denied, 564 U.S. 1037 (2011).

18       The court applies the same rules of construction in determining whether the complaint
19 states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
20 must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
21 construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
22 less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
23 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
24 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
25 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
26 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
27 556 U.S. 662, 678 (2009).
28 ////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.   The Complaint

Plaintiffs, citizens of California, filed suit on May 17, 2024, against PHH Mortgage Corporation, a citizen of New Jersey, and Western Progressive LLC, a citizen of the nation of Luxembourg. ECF No. 1 at 2. Plaintiffs assert federal jurisdiction based on diversity of citizenship. Id. at 3. Plaintiffs allege that the events giving rise to their claims began in January of 2024. Id. at 4. They allege that one of the defendants made an offer for plaintiff to pay off a debt related to a property, that plaintiff conditionally accepted the offer through email "upon proof of a valid claim and offered multiple extensions." Id. at 5. The conditions of acceptance included "production of original wet ink signed note to authenticate no forgery occurred and accounting showing disbursement of note, origination of loan funds, and disbursement of loan funds into makers account." Id. at 5. Defendants set a trustees sale date for May 23, 2024.[1] The complaint does not identify any legal causes of action. Plaintiffs seek $137,000 in damages, the face value of the promissory note, plus treble damages. Id. at 4.

C.   Analysis

The complaint does not contain a "short and plain" statement setting forth the basis for plaintiff's entitlement to relief, and the complaint therefore does not comply with Fed. R. Civ. P. 8(a). The complaint is drafted in an unclear manner such the court cannot tell what each defendant did that plaintiffs allege violated the law. From the allegations, it appears that

---

[1] District Judge Troy L. Nunley denied a motion for a temporary restraining order related to the trustee's sale on May 22, 2024. ECF No. 5.

3

defendants offered some sort of payment plan to plaintiffs, and plaintiffs stated that they would accept the plan only if they could see the "wet ink" signature on the promissory note related to a loan on the property at issue. Based on these allegations alone, it does not appear that there was ever any final agreement between the parties to avoid a trustee's sale.

Further, importantly, the complaint does not identify any specific legal cause of action. Plaintiffs allege defendants are in "default on the conditional acceptance terms" and that defendants "breached the underlying agreement by failing to perform through exchange of consideration," but plaintiffs do not specifically allege a breach of contract claim, nor to the facts establish that there was a contract at issue. Because there is no clearly identified or identifiable legal claim, the complaint does not meet the requirements of Fed. R. Civ. P. 12(b)(6); it fails to state a claim upon which relief can be granted. Rather than recommending dismissal of the action, the undersigned will provide plaintiffs an opportunity to amend their complaint to allege a cognizable claim and proper supporting facts.

## II. Amending the Complaint

If plaintiffs choose to amend the complaint, the amended complaint must contain a short and plain statement of plaintiff's claims, including the legal basis for the claims and supporting facts. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiffs must avoid excessive repetition of the same allegations. Plaintiffs must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiffs amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, generally, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.     Additional Motions

Plaintiffs filed a motion for summary judgment. ECF No. 6. This motion is premature as the complaint has not yet been served. Because the motion is premature and procedurally improper, it will be vacated.

### IV.     Pro Se Plaintiff's Summary

It is not clear that this case can proceed in federal court. A complaint must have legal claims, meaning it must say what law or laws plaintiffs think that defendants violated. The court cannot tell from your complaint what legal harm was done to you. Your legal claims must be supported with facts that show how a defendant violated the law. Because the complaint as written does not clearly state any legal claims or supporting facts, it will not be served on defendants. Your lawsuit cannot proceed unless you fix the problems with your complaint.

////

You are being given 30 days to submit an amended complaint that provides legal claims and supporting facts. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted each plaintiff. Without this information, the court cannot tell what legal claims you are trying to bring against the defendants. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' requests to proceed in forma pauperis (ECF Nos. 2 and 3) is GRANTED;
2. Plaintiffs shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Plaintiffs' motion for summary judgment (ECF No. 6) is VACATED as premature and procedurally improper.

DATED: May 28, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE