1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENNETH G. WILKINSON, and KELLY          No.  2:24-cv-1416 TLN AC PS
     G. WILKINSON,
12
                    Plaintiffs,
13                                             FINDINGS AND RECOMMENDATIONS
           v.
14
     PHH MORTGAGE CORPORATION and
15   WESTERN PROGRESSIVE LLC,,

16                  Defendants.

17

18         Plaintiffs are proceeding in this matter pro se, and pre-trial proceedings are accordingly

19   referred to the undersigned pursuant to Local Rule 302(c)(21).  This case was commenced on

20   May 17, 2024, and the operative First Amended Complaint was filed on June 6, 2024.  ECF Nos.

21   1, 17.[1]  On December 3, 2024, defendants moved to dismiss this case.  ECF No. 22.  The motion

22   was taken under submission.  ECF No. 26.  Plaintiffs filed an opposition to the motion, ECF No.

23   27, and defendants replied, ECF No. 28.  For the reasons set forth below, the undersigned

24   recommends defendant's motion to dismiss (ECF No. 22) be GRANTED and that this case be

25   DISMISSED without leave to amend.

26

27   [1]  Plaintiffs filed a Second Amended Complaint on September 27, 2024 (ECF No. 17) but this
     filing was rejected as procedurally defective by District Judge Troy L. Nunley.  ECF No. 19 at 4.
28   Accordingly, the First Amended Complaint remains the operative complaint in this case.

                                                   1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**I. Background**

A. <u>The Operative First Amended Complaint</u>

Non-party Lei Anne Wilkinson originally owned the property located at 3961 Nugget Lane, Placerville, California 95667 (the "Subject Property"). On December 9, 1999, Lei Anne Wilkinson took out a $136,000.00 mortgage with BYL Bank Group which was secured by the Subject Property (the "Subject Loan"). <u>Id.</u> at 192. A deed, dated May 4, 2004, shows the Subject Property was held in joint tenancy by Lei Anne Wilkinson and Kenneth G. Wilkinson as two unmarried people. <u>Id.</u> at 86. Plaintiffs allege Lei Anne and Kenneth Wilkinson's son, Kelly Wilkinson, lived at the Subject Property. <u>Id.</u> at 84.

On May 1, 2019, PHH Mortgage Corporation acquired the Subject Loan. <u>Id.</u> at 186. In 2020, a loan modification was completed and the new principal balance on the Subject Loan was $231,022.27. <u>Id.</u> at 188. On March 6, 2020, Lei Anne Wilkinson died without a will and plaintiffs allege the Subject Property passed to them. <u>Id.</u> at 84. On June 1, 2021, the Subject Loan went into delinquency. <u>Id.</u> at 247. Plaintiffs allege they began corresponding with defendants in January 2024 about repayment of the outstanding balance on the Subject Loan. <u>Id.</u> at 7. Specifically, plaintiffs allege they sent defendant "multiple conditional acceptances" to repay the Subject Loan, provided defendants send plaintiffs "original documentation and evidence of consideration." <u>Id.</u> Plaintiffs further allege they did not begin repayment of the Subject Loan because defendants never provided the requested documentation. <u>Id.</u> Plaintiffs now sue each defendant for breach of contract and for breach of the duty of good faith and fair dealing. ECF No. 10 at 8-16.

B. <u>Motion to Dismiss</u>

Defendants move to dismiss the case in its entirety on the grounds that (1) plaintiffs lack standing to challenge the loan at issue because they are not the borrowers, and (2) the FAC fails to state a claim upon which relief can be granted. ECF No. 22 at 2.

C. <u>Judicial Notice</u>

Defendants ask the court take judicial notice of the following documents which are submitted in support of their motion, submitted as exhibits: (1) Deed of Trust recorded December

2

15, 1999, in the El Dorado County Recorder's Office as Document No. 99-0076286-00; (2) Notice of Default and Election to Sell Under Deed of Trust recorded April 12, 2000, in the El Dorado County Recorder's Office, as Document No. 2000-0018198-00; (3) Notice of Trustee's Sale ("NOTS") recorded July 18, 2000, in the El Dorado County Recorder's Office, as Document No. 2000-0035484-00; (4) Notice of Default and Election to Sell Under Deed of Trust recorded January 9, 2001, in the El Dorado County Recorder's Office, as Document No. 2001-0001507-00; (5) Notice of Default and Election to Sell Under Deed of Trust recorded August 20, 2001, in the El Dorado County Recorder's Office, as Document No. 2001-0052654-00; (6) Notice of Trustee's Sale recorded November 27, 2001, in the El Dorado County Recorder's Office, as Document No. 2001-0076657-00; (7) Notice of Default and Election to Sell Under Deed of Trust recorded September 3, 2002, in the El Dorado County Recorder's Office, as Document No. 2002-0065097-00; (8) Notice of Default and Election to Sell Under Deed of Trust recorded November 27, 2006, in the El Dorado County Recorder's Office, as Document No. 2006-0080462-00, (9) Notice of Default and Election to Sell Under Deed of Trust recorded July 19, 2007, in the El Dorado County Recorder's Office, as Document No. 2006-0080462-00; (10) Notice of Default and Election to Sell Under Deed of Trust recorded December 21, 2007, in the El Dorado County Recorder's Office, as Document No. 2007-0078402-00, (11) Notice of Default and Election to Sell Under Deed of Trust recorded June 18, 2008, in the El Dorado County Recorder's Office, as Document No. 2008-0029874-00.

The court takes judicial notice of the above referenced documents because they are public records. "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The existence and contents of these publicly recorded documents can be accurately and readily determined, and judicial notice is appropriate.

////

3

## II. Analysis

### A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may

4

1   only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

2   of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.

3   2014).  The court's liberal interpretation of a pro se complaint, however, may not supply essential

4   elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

5   266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).  A pro se

6   litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,

7   unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809

8   F.2d 1446, 1448 (9th Cir. 1987).

9          B.  Standing

10         A plaintiff's standing to sue is necessary to federal court jurisdiction; absent standing,

11  there is no case or controversy under Article III of the Constitution and a federal court cannot

12  hear the case.  United States v. Hays, 515 U.S. 737, 742 (1995).  To have standing, a plaintiff

13  must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy"

14  requirement of Article III of the United States Constitution.  See Valley Forge Christian College

15  v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Clapper

16  v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013).  The case or controversy requirement ensures

17  that federal courts do not decide questions that cannot affect the rights of litigants in the case

18  before them or give opinions advising what the law would be upon a hypothetical state of facts.

19  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  Accordingly, the standing doctrine

20  "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in

21  the outcome of the controversy as to warrant his invocation of federal-court jurisdiction," so that

22  "there is a real need to exercise the power of judicial review in order to protect the interests of the

23  complaining party."  Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (emphasis in

24  original) (internal quotation marks and citations omitted).

25         For standing to exist, plaintiffs must show (1) injury-in-fact that is concrete and

26  particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the

27  challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling.

28  Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v.

1   _Defenders of Wildlife_, 504 U.S. 555, 560–61 (1992). "The party invoking federal jurisdiction

2   bears the burden of establishing these elements ... with the manner and degree of evidence

3   required at the successive stages of the litigation." _Lujan_, 504 U.S. at 561 (citations omitted).

4   While threatened future harm can in some instances confer standing, the injury must be "certainly

5   impending" to constitute injury-in-fact; allegations of possible future injury are not sufficient.

6   _Whitmore v. Arkansas_, 495 U.S. 149, 158 (1990); _see also_ _Clapper_, 568 U.S. at 409 ("[A]n injury

7   must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks

8   omitted). Accordingly, speculative injury is insufficient.  _Lujan_, 504 U.S. at 565 n.2 ("Although

9   imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose,

10   which is to ensure that the alleged injury is not too speculative for Article III purposes—that the

11   injury is certainly impending.") (internal quotation marks omitted).

12         Here, plaintiffs assert four causes of action, each based in contract and each related to the

13   enforcement of a mortgage loan and related foreclosure proceedings.  ECF No. 17.  However,

14   plaintiffs were admittedly not parties to the loan (_see_ First Amended Complaint, ECF No. 10 at ¶¶

15   43-44, noting that Lei Anne Wilkinson is the borrower on the mortgage at issue) and fail to allege

16   facts that would allow them to assert claims belonging to the borrower.  In general, a non-party

17   "to a contract does not have standing either to seek its enforcement or to bring tort claims based

18   on the contractual relationship."  _Ambers v. Wells Fargo Bank, N.A._, 2014 WL 883752, 2014

19   U.S. Dist. LEXIS 28291, at *13 (N.D. Cal. Mar. 3, 2014) (citing _Mega Life & Health Ins. Co. v._

20   _Super. Ct._, 172 Cal. App. 4th 1522, 1528-32 (Cal. Ct. App. 2009)).

21         Accordingly, courts regularly dismiss wrongful foreclosure-based claims, like plaintiffs'

22   here, that are brought by persons who were not parties to the mortgage loan at issue.  _See, e.g._,

23   _Green v. Cent. Mortg. Co._, 2015 WL 5157479, 2015 U.S. Dist. LEXIS 117241, *15-16 (N.D. Cal

24   September 2, 2015) (dismissing negligent misrepresentation, fraud, wrongful foreclosure, unfair

25   business practices, cancellation of instruments and declaratory relief causes of action for lack of

26   standing); _Cabrera v. Countrywide Fin._, 2012 WL 5372116, 2012 U.S. Dist. LEXIS 156310, at

27   *21-22 (N.D. Cal. Oct. 30, 2012) (even though the plaintiff had community property rights in her

28   home, the plaintiff lacked standing to bring civil RICO, ECOA, and UCL claims because she was

1   not a signatory to the loan); Brockington v. J.P. Morgan Chase Bank, N.A., 2009 WL 1916690,

2   2009 U.S. Dist. LEXIS 56622, at *9 (N.D. Cal. July 1, 2009) (non-party to a loan "has no

3   standing to challenge defendant's conduct in connection with extending the mortgage loan");

4   Cleveland v. Deutsche Bank Nat'l Trust Co., 2009 WL 250017, 2009 U.S. Dist. LEXIS 7165,

5   2009 WL 250017 at *2 (S.D. Cal. Feb. 2, 2009) (because the plaintiff's wife, and not the plaintiff,

6   was the "borrower" on the loan, plaintiff did not have standing to assert claims for violation of

7   TILA, injunctive relief, statutory damages, fraud, accounting, cancellation of instruments, quiet

8   title, and declaratory relief based on the defendants' foreclosure on property securing that loan).

9          At most, plaintiff Kenneth is a surviving joint tenant with respect to the subject property.

10  ECF No. 10 at 8.  However, a successor in interest on title to real property does not automatically

11  transmute that party into the borrower on a mortgage.  See Layton v. Ocwen Loan Serv., LLC,

12  2015 U.S. Dist. LEXIS 97097, at *4 (C.D. Cal. July 23, 2015); Anolik v. Bank of Am. Loans,

13  2011 U.S. Dist. LEXIS 43190, 2011 WL 1549291, at *1, *3 (E.D. Cal. Apr. 21, 2011); Gonzalez

14  on Behalf of Estate of Perez, v. JP Morgan Chase Bank, N.A., 2014 U.S. Dist. LEXIS 152674,

15  2014 WL 5462550, at *3 (N.D. Cal. Oct. 28, 2014) ("The execution of the quitclaim deed by Ms.

16  Perez in favor of Ms. Gonzalez and Ms. Gonzalez's daughter does not confer standing as to

17  allegations concerning loan origination.  Ms. Gonzalez has not shown that she had any obligation

18  on the loan.  Therefore, she has failed to show a cognizable injury flowing from the loan

19  origination.").

20         In this case, neither of the plaintiffs assumed the loan and became the borrower, and it is

21  apparent that they have no standing to pursue their claims against defendants.  Plaintiffs were not

22  parties to the mortgage loan and therefore cannot bring contract claims regarding the mortgage

23  loan.[2]  Accordingly, this case must be dismissed because the plaintiffs lack standing.  Dismissal

24  should be without further leave to amend because the facts presently before the court make clear

25  _____
    [2] It is clear that plaintiffs bring this case on behalf of themselves, and not on behalf of the
26  decedent's estate.  The court notes that even if plaintiffs were attempting to bring this case on
    behalf of the estate, dismissal would be necessary because they have not alleged facts
27  demonstrating that they have any sort of legal authority to do so, such as facts demonstrating that
    one of them "was legally appointed in probate as the executor, trustee, or administrator" of the
28  estate.  Gonzalez v. JP Morgan Chase Bank, N.A., supra, 2014 U.S. Dist. LEXIS 152674, *7-8.

1  that the lack of standing cannot be cured by amendment.  Because standing is a threshold

2  jurisdictional matter, other grounds for dismissal are not addressed.

3  **III.  Conclusion**

4         Accordingly, the undersigned recommends that the motion to dismiss (ECF No. 22) be

5  GRANTED and that this case be DISMISSED.

6         These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

10  document should be captioned "Objections to Magistrate Judge's Findings and

11  Recommendations."  Failure to file objections within the specified time may waive the right to

12  appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez

13  v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

14  DATED: February 19, 2025

15  _____

16  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE